# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7349 | **DATE** | 2/15/2002 |
| **CASE TITLE** | Maria Herrara vs. The North & Kimball Group, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant Firstar's motion to dismiss (6-1) is denied in part and granted in part.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | FEB 20 2002 | 22 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 2/15/2002 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| GL courtroom deputy's initials | | 02 FEB 19 AM 8:36 Date/time received in central Clerk's Office | GL mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA HERRARA )
)
      Plaintiff, )
v. )
) No. 01 C 7349
THE NORTH & KIMBALL GROUP, )
INC. d/b/a STANDARD LEASING )
CARSALES, AMIR HOSSEINI, and )
FIRSTAR BANK, )
)
      Defendants. )

FEB 2 0 2002

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Plaintiff Maria Herrera[1] has brought a two count complaint against The North & Kimball Group Inc., d/b/a Standard Leasing Car Sales ("Standard Leasing"), Amir Hosseini, and Firstar Bank ("Firstar") arising from documents relating to Herrera's purchase of a Mitsubushi Galant. Firstar, to whom Standard Leasing has assigned the documents, has moved to dismiss both counts. The motion to dismiss as to Firstar is denied in part and granted in part.

## BACKGROUND

The following facts are assumed to be true for the purpose of deciding the motion, and are taken from Herrera's Complaint and the clarifications she provided in her response to Firstar's Motion to Dismiss. On September 23, 2000, Herrera purchased a 2000 Mitsubishi Galant from Standard Leasing. To execute this purchase, Herrera signed a purchase contract and a retail installment contract. Herrera claims that the original retail installment contract required her to make 60 payments of $456.00 at an annual percentage rate of 8.75%; however, she was not given a copy of this contract.

Herrera alleges that an unknown agent of Standard Leasing subsequently forged her signature on a different retail installment contract that contained different financing terms and other provisions

---

[1]The complaint vacillates between calling the plaintiff Herrera and Herrara. Because the name Herrera was signed on the purchase contract at issue, this opinion will refer to the plaintiff as Herrera.

1



to which she did not agree. This forged installment contract and the purchase contract were assigned to Firstar Bank. Firstar's status as an assignee of these documents gives rise to the question of Firstar's potential liability.

The first count alleges a violation of the Truth in Lending Act (TILA), 15 U.S.C. §1602(g) and (h), and Regulation Z, 12 C.F.R. § 226.8(b) and 226.5, in that Standard Leasing and its owner, Hosseini, failed to give Herrera an accurate copy of the terms of the sale and changed the financing terms of the original retail installment contract. The second count claims violations under the Illinois Consumer Fraud and Deceptive Business Practices Act (CFA), 815 ILCS 505/10(a), in that an agent of Standard Leasing forged her signature and attempted to bind Herrera to financing terms as well as a warranty to which she did not agree. In addition, Herrera claims that the Defendants' alleged TILA violations also give rise to liability under the CFA. The issue before us is solely whether Herrera states a claim against Firstar Bank, the assignee of the documents, for these alleged violations.[2]

## ANALYSIS

The purpose of a motion to dismiss under Rule 12(b)(6) is to decide the adequacy of the complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. MCM *Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.,* 62 F.3d 967, 972 (7th Cir. 1995) aff'd 161 F.3d 443 (7th Cir. 1998), cert. *denied,* 528 U.S. 810 (1999). Therefore, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Federal question jurisdiction is proper as this case arises under the Truth in Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331. Supplemental jurisdiction over the state-law claim is proper under 28 U.S.C. § 1367.

---

[2]This opinion does not address Plaintiff's claims as they regard the other defendants.

I. Sufficiency of Herrera's Complaint

A disputed issue that must be addressed before going forward with the analysis of the motion is whether Herrera properly pled that both the purchase contract and the retail installment contract were assigned to Firstar. In the Complaint, Herrera only specifically mentions the assignment of the retail installment contract (Complaint ¶ 18), but later refers to the assignment of "documents." (Complaint ¶ 25). The fact that Standard Leasing assigned to Firstar both the purchase contract and the retail installment contract is not specifically alleged until Herrera's Response to Firstar's Motion to Dismiss. Thus, Firstar claims that Herrera's Complaint lacks the allegation that the purchase contract was assigned to Firstar, an allegation that is essential to the survival of Herrera's claim against Firstar.

A plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief - even a brief on appeal. Hrubec v. *Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963-64 (7th Cir. 1992). See also Freeman v. Godinez, 996 F.Supp. 822, 824-25 (N.D.Ill. 1998) ("[A]s long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss." (emphasis added)). However, "[i]t is a basic principle that the complaint may *not be amended* by the briefs in opposition to a motion to dismiss, nor can it be amended by the briefs on appeal." Thomason v. *Nachtrieb,* 888 F.2d 1202, 1205 (7th Cir. 1989) (emphasis added) citing *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984), cert. *denied*, 470 U.S. 1054 (1985). Thus, facts that are considered supplemental to a complaint are permitted in a response to a motion to dismiss, but facts that amend the complaint are not. See, e.g., Jones v. *SABIS Educ. Sys.*, 98 C 4252, 1999 WL 1206955, *2 (N.D.Ill. Dec. 13, 1999)(Gettleman, J.).

The federal rules of notice pleading do not require the plaintiff to allege all of the relevant facts as long as the complaint includes the operative facts upon which a plaintiff bases the claim. Brokaw v. *Mercer County,* 235 F.3d 1000, 1014 (7th Cir. 2000). Herrera's Complaint did state that documents were assigned to Firstar that would implicate its liability under TILA. As such, for the purposes of this motion, we will view the fact that the purchase contract was assigned along with the

3

retail installment contract as a supplement to the original Complaint's allegation of assigned "documents" and view this fact as true. That is, the additional facts provided in Herrera's Response merely supplemented the facts in the Complaint.

II. Truth in Lending Act violations

Herrera argues that Firstar's liability for TILA violations arises from the FTC Holder Rule, which is printed on the retail installment contract in compliance with FTC regulations. Count I of Herrera's complaint asserts that under the Holder Rule, Firstar is vulnerable to the same TILA claims that Herrera may raise against Standard Leasing and Hosseini. As printed on the retail installment contract, the Holder Rule states:

> ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF.

An assignee's liability under the Holder Rule for the assignor's TILA violations is limited, however, to violations that are apparent on the face of the documents assigned. *See Walker v. Wallace Auto Sales, Inc.,* 155 F.3d 927, 936 (7th Cir. 1998). See *also* 15 U.S.C. §1641(a) ("Any civil action...which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent *on the face* of the disclosure statement." (emphasis added)). TILA defines an "apparent violation" as "a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned." 15 U.S.C. § 1641(a). Only violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents will make the assignee liable under the TILA. Taylor v. Quality Hyundai, Inc., 150 F.3d 689 (7th Cir. 1998).

Herrera contends that Standard Leasing's TILA violations are apparent on the face of the retail installment contract because it contained many terms that were inconsistent with those contained on the face of the purchase contract. Thus, Herrera bases her claim of an "apparent violation" on a comparison of two documents.

4

Firstar argues that, in the absence of an allegation that both the purchase contract and the retail installment were assigned, it had no duty to discover TILA violations beyond those apparent within the four corners of the retail installment contract. Indeed, Firstar could not detect apparent violations if it viewed the retail installment contract by itself.

For the purposes of this motion, however, we have assumed that Standard Leasing assigned both the purchase contract and the retail installment contract to Firstar. If we draw all inferences in the plaintiff's favor, as we must in deciding a motion to dismiss, Firstar was able to compare both the purchase contract and the retail installment contract. Because the purchase contract contained terms that differed from the retail installment contract, Firstar may have been able to detect TILA violations that were apparent on the face of the assigned documents. Therefore, we deny Firstar's motion to dismiss Count I.

### III. Consumer Fraud Act violations

In Count II, Herrera alleges two types of violations of the Illinois Consumer Fraud Act ("CFA"): TILA-related conduct and non-TILA-related conduct. Like Count I above, Firstar's potential liability under the CFA is based on the FTC Holder Rule.

A federal court applying state law must attempt to resolve the issues as if it were the highest court of the state that provides the state law. Stephan *v. Rocky Mountain Chocolate Factory, Inc.* 129 F.3d 414, 416-417 (7th Cir. 1997). We will thus examine the TILA-related conduct and the non-TILA-related conduct separately under Illinois law.

A. TILA-related conduct

The Consumer Fraud Act is a general prohibition of fraud and misrepresentation. Lanier *v. Assocs. Fin., Inc.* 114 Ill.2d 1, 21 (1986). Herrera claims that by failing to make the disclosures required by TILA, Standard Leasing and Firstar, by assignment, violated the CFA. Firstar argues that because it complied with TILA, it should not be held liable under the CFA because an assignee's compliance with the TILA is a defense to liability under the CFA. *See Jackson v. So. Holland Dodge Inc.,* 197 Ill.2d 39, 50 (2001).

5

We disagree. As explained in our analysis of Count I, Herrera may state a claim against Firstar for Standard Leasing's TILA violations. Because Herrera alleged that Firstar received both the purchase contract and the retail installment contract from Standard Leasing, and because Herrera alleged that there were inconsistencies between the documents, TILA violations may have been apparent on the face of the assigned documents. Thus, Herrera has stated a claim that Firstar failed to comply with the CFA because violations for which an assignee may be liable under TILA would also violate the generalized prohibition of fraud and misrepresentation under the CFA. Therefore, we deny Firstar's motion to dismiss the CFA claim as it pertains to TILA-related conduct.

B. Non-TILA-related conduct

Herrera claims that as an assignee of the retail installment contract the Holder Rule subjects Firstar to liability for Standard Leasing's non-TILA-related conduct, namely, forging Herrera's signature and attempting to bind Herrera to terms with which she did not agree.

Illinois courts have hesitated to extend requirements under Illinois law beyond those mandated by TILA in situations when both TILA and Illinois statutes apply. See Lanier, 114 Ill.2d at 22. See also Jackson, 197 Ill.2d at 49. As such, a defendant's liability for non-TILA-related conduct is limited to conduct in which the assignee directly participated. See Zekman v. Direct Am. Marketers, Inc., 182 Ill.2d 359, 369 (1998) (The CFA covers only "actions directly done by the perpetrator of the fraud.") While TILA limitations on assignee liability do not render the Holder Rule meaningless, the official commentary to the Holder Rule indicates that it only permits affirmative actions against assignees where the seller's breach is so substantial that rescission of a contract is warranted. Jackson, 197 Ill.2d at 55 (citing 40 Fed. Reg. 53,505, 53,524 (1975)). This line of analysis is consistent with this court's opinion in Javorsky v. Freedom Driving Aids, Inc., No. 00 C 5404, 2001 WL 1002486 (N.D. Ill. Aug. 29, 2001)(Aspen, J.) which held that a plaintiff's citation of the Holder Rule stated a claim against an assignee for a seller's breach where the breach may have been substantial enough to warrant rescission of the contract.

The complaint lacks any allegation that Standard Leasing's conduct warrants complete rescission of the contract. Furthermore, it lacks any allegation that Firstar participated directly in Standard Leasing's alleged CFA violations. We therefore dismiss Count II insofar as it alleges Firstar's liability for Standard Leasing's non-TILA-related violations of the CFA.

## CONCLUSION

Firstar's Motion to Dismiss is denied as it pertains to Count I and the TILA-related portions of Count II. Firstar's Motion to Dismiss is granted as it pertains to non-TILA violations of the CFA.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 2/15/02